GULOTTA, Judge
(dissenting).
I respectfully dissent from the results reached in the majority opinion. In affirming the judgment of the trial court, the majority concludes that the plaintiff failed to carry the burden of proof by a preponderance of evidence that defendant, Strickland, received the batteries from the manufacturer in Brooklyn.
I concur with the majority in that in order for plaintiff to recover he must prove that the carrier received the goods from the manufacturer in good condition; that the merchandise arrived damaged; and that there was a specific and determinative amount of loss. However, I am of the opinion that the plaintiff successfully carried the burden placed upon him. The record amply reflects that the merchandise arrived in a damaged condition and that the amount of the loss is easily determinative. The only remaining question is whether or not the evidence preponderates that the carrier received the goods from the manufacturer in a good condition.
The majority opinion reasons that the bill of lading has stamped on it the name of another shipper in addition to Strickland and that plaintiff failed to present evidence excluding the fact that the other named shipper was not involved. Hence, this failure opened the door to the possibility that other shippers were involved. Firstly, it is significant that, although the name of another shipper in addition to that of Strickland appeared on the bill of lading, there is no evidence in the record showing that any other shipper was involved ; whereas, the record is replete with evidence involving Strickland. The bill of lading contained no notation or exception to indicate that the merchandise was damaged when Strickland received it. The absence of this exception is an indication that the carrier was not cognizant of any damage to the freight. Secondly, the evidence included the fact that the batteries were received by the consignee in boxes other than those in which they were initially shipped. Defendant’s employee admitted that the batteries had been repackaged or “recoopered” in transit, and additional evidence revealed that the containers were wet when received, thus indicating that the batteries had been damaged earlier. Additionally, an exception present on the freight receipt, as well as testimony of witnesses, further pointed to the fact that the batteries had been found to be damaged upon receipt by the consignee from the carrier, Strickland.
In paragraph II of defendant’s answer, defendant avers: “that in the event any *239 damage was occasioned to the shipment in question, said damage was not carrier liability because of the improper handling of merchandise but that damage was of an inherent nature through normal handling.”
In connection with defendant’s contention, Strickland advised plaintiff by letter that the damage to the batteries was caused because the merchandise had not been properly packaged for shipping. Strickland made no serious contention that it was not the carrier that transported the batteries. The record and testimony clearly indicates that Strickland acknowledged being the carrier but that it averred that the damage resulted because of the failure by the shipper to properly package the batteries.
Plaintiff, on the other hand, offered evidence contained in a letter in the record that the merchandise was shipped in factory cartons with regular shipping labels affixed and “CAUTION ACID” tags attached, and that the containers also bore “TOP UP” markings. The manufacturer originally packaged the batteries in four containers; however, the batteries were received in three containers after having been repackaged in transit.
I am of the opinion that plaintiff successfully carried his burden that the carrier received the merchandise from the manufacturer in good condition. The posture of the record after plaintiff submitted his evidence placed the burden on the defendant of going forward with the evidence to show the possibility of the existence of another carrier. This it failed to do. Accordingly, I respectfully dissent.